BENNIE KRUEGER, appellant,

*v.*

JEAN KRUEGER, respondent.

[Argued May 21st, 1948. Decided September 3d, 1948.]

*Mr. Harry Green,* for the appellant.

*Messrs. Milton M. & Adrian M. Unger,* for the respondent.

The opinion of the court was delivered by

COLIE, J.

Bennie Krueger instituted a replevin action against his wife, Jean Krueger, seeking to recover certain household furniture. In that action an answer was filed, denying the plaintiff's ownership and title; asserting that his alleged ownership was grounded upon a bill of sale which was given without consideration and alleging that the parties on or about February 26th, 1945, entered into a property settlement in which Bennie Krueger delivered to Jean Krueger a bill of sale for the aforementioned household furniture; that thereafter and in accordance with the terms of the aforesaid property settlement agreement, the defendant, Jean Krueger, instituted divorce proceedings in Nevada. To expedite the Nevada proceedings, she requested her husband to execute and deliver to her a power of attorney which he refused to do unless she executed a bill of sale reconveying to him the furniture which he had, by the prior bill of sale, conveyed to her. In the law action, a motion to strike the answer as sham or frivolous was denied. Thereupon the plaintiff applied to the Circuit Court to transfer the action to Chancery under the authority of *R. S. 2:28–60* and this was done. When the matter came on for final hearing, the court below dismissed the bill of complaint. We quote from the Vice-Chancellor's opinion: "In the present case the defendant while married to the complainant paid him a large sum of money, a substantial part of which was payment for his interest in the furniture in question which he then conveyed to her. In addition, she waived her claim to future support, and then when she sought a divorce and found it necessary for him to enter his appearance, he exacted from her a promise to reconvey to him the furniture now represented by the ques-

tioned bill of sale which he holds. The equities do not appear to be with him, but in any event we have no difficulty in coming to the conclusion that the complainant has not sustained the burden which is upon him, in equity, to show the fairness of the agreement or of the consideration which supports the bill of sale under which he claims title to the goods. Indeed, there seems to have been no valid consideration at all for this bill of sale to the complainant. It will not be enforced."

We concur in the above statement of the Vice-Chancellor and we would be content to rely upon the opinion filed by him in the court below were it not for the fact that it cites the case of *Dennison* v. *Dennison, 98 N. J. Eq. 230;* affirmed, *99 N. J. Eq. 883,* as holding that "Equity, in New Jersey, has complete and exclusive jurisdiction over contracts between husband and wife, and this extends to their specific enforcement. Where a husband asks its enforcement, the burden is on him to show its fairness; and if he resists its enforcement the burden of proving its unfairness is also on him." In so far as the *Dennison Case, supra,* is cited as authority that a contract of this nature will be specifically performed, it is no longer the law of this State. This has been established by a long line of cases commencing with *Apfelbaum* v. *Apfelbaum, 111 N. J. Eq. 529,* and thereafter followed in *Second National Bank of Paterson* v. *Curie, 116 N. J. Eq. 101; Aiosa* v. *Aiosa, 119 N. J. Eq. 385; Phillips* v. *Phillips, 119 N. J. Eq. 462; Corbin* v. *Mathews, 129 N. J. Eq. 549; Armour* v. *Armour, 132 N. J. Eq. 298.*

With the exception above noted, the decree under appeal is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, DILL, McLEAN, SCHETTINO, JJ. 11.

*For concurrence on result*—HEHER, FREUND, JJ. 2.

*For reversal*—None.