ROSE FRIEDMAN, complainant-respondent,

*v.*

JOSEPH H. FRIEDMAN, defendant-appellant.

[Argued May 26th, 1948. Decided September 9th, 1948.]

*Messrs. Friend & Friend (Mr. Israel Friend,* of counsel), for the complainant-respondent.

*Messrs. Furst & Furst (Mr. David E. Feldman,* of counsel), for the defendant-appellant.

Per Curiam.

This is an appeal from an order awarding alimony *pendente lite* in the sum of $50 per week to the complainant-respondent.

The complainant filed her bill of complaint together with supporting affidavits alleging that she is a resident of the County of Passaic and State of New Jersey; that her husband, the defendant-appellant, abandoned her and neglects to maintain and provide suitably for her; that he has been guilty of desertion, extreme cruelty and adultery; and prays, in several counts, for separate maintenance and for a decree of divorce from bed and board. The defendant-appellant filed an answer and supporting affidavits denying the residence allegation and the alleged wrongdoing and setting forth that the parties had entered into a separation agreement in 1941 in the State of New York, while they were both residents within that state, under which the defendant had agreed to pay the sum of $40 per week ·for the complainant's support and that said sum had been paid regularly.

On the basis of the evidence before him, the advisory master concluded that the "Affidavits on the part of the complainant going to show cruel treatment, &c., which is the case made by the bill are not overcome by the affidavits on the part of the defendant," and that the complainant had made a sufficient showing entitling her to alimony *pendente lite.* On this appeal, the appellant does not attack the reasonableness of the amount awarded but advances the single contention that, since the New York separation agreement, entered into by parties then domiciled in New York, was, under New York law, binding upon the parties, the advisory master had no authority to depart from its terms. The law of this State is to the contrary. This court has repeatedly held that alimony agreements between husband and wife, whether made within or without New Jersey, are not entitled to specific

performance and, although they are evidential with regard to the proper amount to be paid by husband to wife, they are not controlling. *Apfelbaum* v. *Apfelbaum (Court of Errors and Appeals, 1932), 111 N. J. Eq. 529, 531; Second National Bank of Paterson* v. *Curie (Court of Errors and Appeals, 1934), 116 N. J. Eq. 101, 110; Krueger* v. *Krueger (Court of Errors and Appeals, 1948), 142 N. J. Eq. 681; Harrington* v. *Harrington (Court of Errors and Appeals, 1948), 142 N. J. Eq. 684.*

There is nothing in the record before us which would indicate that the advisory master exceeded his powers in awarding alimony *pendente lite* in the sum of $50 to the complainant-respondent. Accordingly, the order appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, COLIE, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 11.

*For reversal*—WACHENFELD, EASTWOOD, JJ. 2.

*For modification*—HEHER, J. 1.